IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KONINKLIJKE KPN N.V.,<br><br>      Plaintiff,<br> v.<br><br>XIAOMI CORPORATION, XIAOMI COMMUNICATIONS CO., LTD., and XIAOMI INC.,<br><br>      Defendants. | C.A. No. 21-cv-41-VAC-CJB<br><br>**JURY TRIAL DEMANDED** |

**STIPULATED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN PLAINTIFF AND XIAOMI DEFENDANTS REGARDING ACCESS TO SOURCE CODE**

WHEREAS, the Court entered a Protective Order to protect Party and Non-party confidential business information in the above captioned action on October 26, 2021 (D.I. 26) ("Protective Order"); and

WHEREAS, Defendants Xiaomi Corporation, Xiaomi Communications Co., Ltd., and Xiaomi Inc. (collectively, "Xiaomi Defendants" or "Xiaomi") may produce confidential source code in this actions that includes or incorporates CONFIDENTIAL INFORMATION belonging to Xiaomi; and

WHEREAS, Plaintiff Koninklijke KPN N.V. ("Plaintiff" or "KPN") and Xiaomi have agreed to provisions in addition to those contained in the Protective Order to govern the production of source code by Xiaomi; and

WHEREAS, the Parties have agreed to a source code review protocol involving a dedicated, specially-configured source code discovery laptop which can be shipped to a source code reviewer and enable such reviewer to review code in an environment designed to provide measures to protect

1

Xiaomi's source code from disclosure;

WHEREFORE, IT IS HEREBY STIPULATED AND ORDERED that source code produced in connection with the above-captioned matter that are designated by Xiaomi as "OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" shall be subject to the following provisions:

**I.      DEFINITIONS**

1. "Authorized Reviewer(s)" shall mean persons authorized to review "XIAOMI – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE" material in accordance with this Supplemental Protective Order and the Protective Order.

2. "Producing Party" is a party producing Source Code pursuant to this Supplemental Protective Order.

3. "Receiving Party" is a party receiving Source Code pursuant to this Supplemental Protective Order.

4. "Remote Review Server": a server maintained by the Producing Party that contains the Source Code in a review environment.

5. "Remote Review Laptop": a dedicated, specially-configured source code discovery laptop prepared by a Producing Party for accessing the Remote Review Server and which can be shipped to an Authorized Reviewer for review on behalf of a Receiving Party.

6. "Source Code" includes human-readable programming language text that defines software and/or firmware (collectively, "software Source Code") or integrated circuits ("hardware Source Code"). Text files containing Source Code shall hereinafter be referred to as "Source Code files." Software Source Code files shall include, but are not limited to, files containing Source Code in "C," "C++," BREW, Java ME, J2ME, assembler, digital signal processor (DSP) programming

languages, and other human readable text programming languages. Software Source Code files further include ".include files," "make" files, "link" files, and other human-readable text files used in the generation and/or building of software directly executed on a microprocessor, micro-controller, or DSP. Hardware Source Code files include, but are not limited to, files containing Source Code in VDHL, Verilog, and other Hardware Description Language ("HDL") formats, including but not limited to, Register Transfer Level ("RTL") descriptions.

## II. PRODUCTION OF XIAOMI – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE MATERIAL

7. This Supplemental Protective Order shall be effective immediately upon entry and shall continue in effect until the close of expert discovery in this case (currently February 3, 2023), unless extended by agreement between the Parties or further order of the Court. Except as modified herein, all other provisions of the Protective Order (D.I. 27) shall remain in full force and effect.

8. Defined terms in this Supplemental Protective Order and not defined in Section I above shall have the meaning established in Protective Order entered in this action (D.I. 27).

9. The parties stipulate as follows:

(a) The Producing Party shall make available all relevant and properly requested Source Code on the Remote Review Server.

(b) Prior to the first inspection of Source Code, the Receiving Party shall provide fourteen (14) days' notice of its intent to inspect Source Code.

(c) To facilitate review of the Source Code, the Receiving Party may use appropriate software tools on the Remote Review Server, which shall be installed by the Producing Party, including at least the Ubuntu versions of Notepad++. Should it be necessary, other mutually agreed upon tools may be used. Licensed copies of other mutually agreed upon software tools, such as Scitools Understand, shall be installed on the

Remote Review Server by the Producing Party and paid for by the Receiving Party.

(d) Any Remote Review Laptop made available to the Producing Party and assigned to an individual Authorized Reviewer may be used by that Authorized Reviewer as follows:

(i) The Remote Review Laptop assigned to an individual Authorized Reviewer must, at all times, be kept within the office or home of the Authorized Reviewers when not in use;

(ii) Any Authorized Reviewer who is to receive a Remote Review Laptop shall, prior to receipt thereof, provide a description of how the Remote Review Laptop will be connected to the Internet for purposes of connecting to the Remote Review Server, a 360-degree video of the location at which such computer shall be used for reviewing ("Source Code Review Room"), as well as the location at which such computer shall be stored when not being used for reviewing ("Laptop Storage Location"), for the sole purposes of ensuring compliance with the requirements of this Supplemental Protective Order, and a copy of an Authorized Reviewer's government issued picture ID card as well as a current photo of the Authorized Reviewer;

(iii) Any Authorized Reviewer who is to receive a Remote Review Laptop shall further participate in a video identification verification in which they will present over video a government issued picture ID card and provide any other information needed by the Producing Party reasonably necessary to verify the identity of such Authorized Reviewer, after which the Authorized Reviewer will be provided with credentials which only that Authorized Reviewer may use to log on to the Remote Review Laptop, to access the Remote Review Server, and to access the appropriate source code for this case;

(iv) No one other than the Authorized Reviewer who receives a Remote Review Laptop may use or log on to that Remote Review Laptop, and an Authorized Reviewer who receives credentials from the Producing Party under this Supplemental Protective Order may not share those credentials with any other person;

(v) No recordable media or recordable devices, including without limitation sound recorders, computers (other than a notetaking laptop that is not connected to any network, including a LAN, an intranet, or the Internet), cell phones, smart watches, peripheral equipment, cameras, devices containing unobstructed cameras (e.g., webcams, unless entirely shielded with an opaque material), CDs, DVDs, or drives of any kind, may be in the Source Code Review Room when the Remote Review Laptop is powered on;

(vi) While any Remote Review Laptop is in use, its screen shall be positioned in such a way that it is not visible from any external window of the room in which it is stored, or such window shall be covered with blinds, shades, or a similar covering;

(vii) At least twenty-four hours prior to each review session using the Remote Review Laptop by an Authorized Reviewer who has already been assigned credentials as described in Section 9.(d).(iii) above, the assigned Authorized Reviewer for that laptop shall request a reservation for a review session from the Producing Party via email at bradford.cangro@pvuslaw.com, including the date, time, and estimated duration of the review session;

(viii) At the start of each review session, the Producing Party will provide a one-time use second factor authentication code to be used with the assigned credentials to access the Remote Review Server;

(ix) During the review session and at all other times, the Authorized Reviewer shall not copy, remove, or otherwise transfer any Source Code from the Remote Review Server including, without limitation, copying, removing, transferring, or otherwise capturing (through video, photo, or any other means) the Source Code onto any recordable media or recordable device;

(x) The Authorized Reviewer may connect an external network adapter (for hardwired connection to the Internet), keyboard, mouse, and/or monitor to the Remote Review Laptop to assist with the source code review but must not connect any other peripherals to the Remote Review Laptop;

(xi) The Remote Review Laptop must be turned off when not in active use;

(xii) Upon completing each source code review session, the Authorized Reviewer shall turn off the Remote Review Laptop and immediately notify the Producing Party via email at bradford.cangro@pvuslaw.com, that they are ending the review session;

(xiii) The Remote Review Laptop shall not be connected to a printer in any way; however, Authorized Reviewers will be able to designate source code for printing, and the parties will be able to obtain printouts from the Producing Party as set out in Section 9.(g) below;

(xiv) The Receiving Party may not install software or take notes on, or otherwise alter the configuration of the Remote Review Laptop in any way without written authorization from the Producing Party;

(e) Any Remote Review Laptop made available by the Producing Party may be transported as follows:

(i) Via hand carry, Federal Express, or other similarly reliable courier by the

        Producing Party to the address of the Source Code Review Room, wherein the recipient of the Remote Review Laptop shall retain any shipping container and/or packing materials to use in returning the Remote Review Laptop; and

        (ii)    Remote Review Laptops may not be removed from the Source Code Review Room or safe Laptop Storage Location, except to be returned to the Producing Party via hand carry, Federal Express, or other similarly reliable courier, after providing notice to the Producing Party of the intended shipment and receiving confirmation from the Producing Party that such shipment can be securely received.

    (f)    The Producing Party shall not track, store, record, or monitor the review of Source Code by an Authorized Reviewer. Notwithstanding the foregoing, the Producing Party is not prohibited from tracking, storing, recording, or monitoring access to or from the Remote Review Laptop and the Remote Review Server. However, under no circumstances will Producing Party record or monitor the Authorized Reviewer's screen or track, store, record, or monitor which Source Code files are being reviewed, except for the portions of Source Code requested to be printed.

    (g)    Authorized Reviewers who are provided with a Remote Review Laptop under the terms of this Supplemental Protective Order shall, pursuant to the procedures in Paragraph 9.(e) above, use the shipping container and/or packing materials in which the Remote Review Laptop was received to return the Remote Review Laptop to the Producing Party immediately following the completion of their final review. Nothing herein prevents an Authorized Reviewer from multiple review sessions.

    (h)    The Receiving Party shall be permitted to request a reasonable number of printouts and photocopies of Source Code, all of which shall be designated and clearly labeled "XIAOMI – OUTSIDE ATTORNEYS' EYES ONLY – CONFIDENTIAL SOURCE CODE," and the Receiving Party shall maintain a log of all such files that are printed or photocopied. Up to 500 pages or 10% of the total Source Code (whichever is greater), and 50 consecutive pages, of printed

and/or photocopied source code shall be presumed reasonable, except that Authorized Reviewer(s) may request the printing of a continuous block of more than 50 pages, which request shall not be unreasonably denied by the Producing Party.

(i) Authorized Reviewer(s) in these actions shall not print Source Code which has not been reviewed on the Remote Review Laptop, or in order to review the Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Remote Review Laptop.

(j) The Receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).

(k) Any paper copies used during a deposition shall be retrieved at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(l) A receiving Party may include excerpts of Source Code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document ("Source Code Documents"), provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

(m) In addition to other reasonable steps to maintain the security and confidentiality of the Producing Party's Source Code, printed copies of the Designated Source Code Material maintained by the Receiving Party or its Authorized Reviewers must be kept in a locked storage container when not being actively reviewed or otherwise being transferred as permitted by the

Protective Order and/or this Supplemental Protective Order.

(n) Each Authorized Reviewer shall sign a copy of Appendix A to this Stipulated Supplemental Protective Order acknowledging agreement to be bound to the conditions hereof.

Dated: June 10, 2022

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff*

Respectfully submitted,

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jeremy A. Tigan
Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Defendants Xiaomi Corporation, Xiaomi Communications Co., Ltd., and Xiaomi Inc.*

DATE: June 14, 2022

_____
Honorable Christopher J. Burke
United States Magistrate Judge

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| KONINKLIJKE KPN N.V.,<br><br>        Plaintiff,<br>    v.<br><br>XIAOMI CORPORATION, XIAOMI COMMUNICATIONS CO., LTD., and XIAOMI INC.,<br><br>        Defendants. | C.A. No. 21-cv-41-VAC-CJB<br><br>**JURY TRIAL DEMANDED** |

**APPENDIX A**

**AGREEMENT TO BE BOUND BY STIPULATED SUPPLEMENTAL PROTECTIVE ORDER BETWEEN PLAINTIFF AND XIAOMI DEFENDANTS <u>REGARDING ACCESS TO SOURCE CODE</u>**

I, _____, state: My business address is _____;

1. My present employer is: _____;

2. My present occupation or job description is: _____;

3. I have been informed of and have reviewed the Stipulated Supplemental Protective Order Between Plaintiff and Xiaomi Defendants Regarding Access to Source Code entered in this case entered in this case, and understand and agree to abide by its terms. I agree to keep confidential all Source Code provided to me in relation to the above captioned matter in the United States District Court, District of Delaware, in accordance with the restrictions in the Stipulated Supplemental Protective Order, and

        to be subject to the authority of that Court in the event of any violation or dispute related to the Stipulated Supplemental Protective Order.

4. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____

Printed name

_____

Signature

_____

Date